IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD RAY WILLIAMS,

        Plaintiff,                    No. CIV S-07-0554 FCD DAD P

    vs.

STATE OF CALIFORNIA, et al.,

        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

       By order filed March 7, 2008, the court dismissed plaintiff's original complaint and granted him leave to amend. The allegations in plaintiff's original complaint were so vague and conclusory that the court was unable to determine whether the current action was frivolous or failed to state a claim for relief. In addition, plaintiff named as defendants the State of California and the California Department of Corrections. The court advised plaintiff that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. The court also advised plaintiff that, to the extent that he claimed that he was entitled to single-cell status or that his assignment to a double-cell violated the Due Process Clause, he failed to state a cognizable claim.

1

On March 19, 2008, plaintiff filed a document styled "Legal Response to Your Criminal Recommendations." Therein, plaintiff argued that the court had misapplied the Eleventh Amendment and was denying him equal protection of the law. On June 19, 2008, the court advised plaintiff that he was required to file an amended complaint pursuant to this court's March 7, 2008 order to proceed with this action. The court also advised plaintiff that failure to file an amended complaint would result in a recommendation for dismissal of this action.

On July 10, 2008, plaintiff filed a document styled "objections to your criminal decisions dated: June 18, 2008." Therein, plaintiff again claimed, among other things, that the court was denying him equal protection of the law. On July 25, 2008, the court advised plaintiff that Local Rule 11-110 states that "[f]ailure of counsel or of a party to comply with these local rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." See Local Rule 11-110; Fed. R. Civ. P. 41(b). The court also advised plaintiff again that he was required to file an amended complaint in accordance with this court's March 7, 2008 order to proceed with this action. The court provided plaintiff with a final opportunity to do so and cautioned him that if he failed to file an amended complaint within thirty days from the date of service of the order, the undersigned would recommend that this action be dismissed without prejudice.

The thirty day period has now expired, and plaintiff has not filed an amended complaint. Instead, plaintiff has filed two letters and a document he refers to as a "pelican brief." Similar to plaintiff's previous filings, plaintiff's recent filings are frivolous in that they lack an arguable basis either in law or in fact. As described above, the undersigned has provided plaintiff with ample opportunity to file an amended complaint in accordance with the court's March 7, 2008 order. The undersigned has also cautioned plaintiff on three occasions that failure to comply with the court's order would result in a recommendation for dismissal of this action. Plaintiff has failed to file an amended complaint or seek an extension of time to do so in accordance with this court's previous orders.

1  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
2  without prejudice.  See Local Rule 11-110; Fed. R. Civ. P. 41(b).
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5  days after being served with these findings and recommendations, plaintiff may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
9  F.2d 1153 (9th Cir. 1991).
10 DATED: September 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will0554.fta